### Commonwealth v. Haines

*Bloom, Bloom & Yard*, for appellant.

*John Solomon*, Assistant District Attorney, for Commonwealth.

WEINER, J., April 28, 1960. — Defendant Stewart Haines, an employe of the Suwak Trucking Company of Washington, was arrested on February 18, 1960, while driving a truck-tractor in the course of his employment, which was not equipped with mud flaps. There was no trailer or semi-trailer attached to the truck-tractor which defendant was operating at the time.

Section 830 of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §830, is the provision which requires mud flaps on certain vehicles and reads as follows:

"Every commercial motor vehicle and every combination of a commercial motor vehicle and trailer or of a truck tractor and semi-trailer, when used on a highway, shall be so constructed or equipped as to bar water or other road surface substances thrown from the rear wheels of such vehicle or combination at tangents exceeding twenty-two and one-half (22½) degrees, measured from the road surface, from passing in a straight line to the rear of such vehicle or combination."

This was the section which the Commonwealth claimed was violated by defendant.

The question for this court is to determine whether this section applies to a truck-tractor being operated by itself and not in combination with a trailer or semi-trailer, and whether or not a truck-tractor by itself is a "commercial motor vehicle." These questions have been decided in three counties in the Commonwealth under the prior Vehicle Code.

Commercial vehicles under The Vehicle Code of 1959, sec. 102, are defined as follows:

"Commercial Motor Vehicle. — Any motor vehicle designed for carrying freight or merchandise: Provided, however, That a motor vehicle, originally designed for passenger transportation, to which has been added a removable box body without materially alter-

ing said motor vehicle, when owned and used by a farmer, shall not be deemed a 'commercial motor vehicle' for the purpose of this act: And further provided, That any motor vehicle of the bus type, operated under contract with or owned by any school district, private school or parochial school of this Commonwealth for the transportation of school children or children between their homes and Sunday school, shall be deemed a 'commercial motor vehicle.' "

We hold that a truck-tractor does not come within the scope of the above definition. Our opinion is strengthened by the code itself which in the same section defines "truck-tractor" as follows:

"Truck Tractor—Any self-propelled motor vehicle designed and used primarily for drawing other vehicles, and not so constructed as to carry a load, other than a part of the weight of the vehicle and load so drawn."

Obviously the definitions set forth above concern themselves with two different types of vehicles, a commercial vehicle which is designed to carry its own load and a truck-tractor which is designed primarily for the hauling of other vehicles and not so constructed as to carry a load of its own.

Defendant therefore has not violated section 830 of the code as it applies to commercial vehicles since the truck-tractor he was operating cannot be construed a commercial vehicle within the definition hereinabove set forth.

Furthermore, the fact that the vehicle which he operated was operated by itself and not in combination with a trailer or semi-trailer also relieves him from liability under section 830. The truck-tractor was being operated by itself and it is clear from reading section 830 that the legislature has not brought it within the scope of this section. We feel that if the legislature had intended to require truck tractors to

be so equipped, it would have made provision for such. We also note that in view of the decisions in Allegheny, Bucks and York Counties* brought to our attention by defendant, which construed a similar section under the prior code, the legislature has made no significant change in the provision in the Code of 1959. Our only conclusion is that the legislature does not intend to have the provisions of this act apply to a truck-tractor when operated as a separate vehicle.

April 28, 1960. Defendant is not guilty, county pays costs.

---

* Commonwealth v. Scarborough, 17 D. & C. 2d 764 (York County).